

Jarrett Charro – Of Counsel
200 Vesey Street, 24th Floor
New York, NY 10281
P: (212) 595-6200 | F: (212) 595-9700
jcharro@mizrahikroub.com
www.mizrahikroub.com

December 23, 2021

<u>VIA ECF</u>

The Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007



Re:   *Estevez v. Kari Gran, Inc.*, <u>Case No. 1:21-cv-08961 (KPF)</u>

Dear Judge Failla:

We represent plaintiff Arturo Estevez ("Plaintiff") in the above-referenced class action brought pursuant to, *inter alia*, the Americans with Disabilities Act of 1990 ("ADA"). In accordance with this Court's Individual Rules of Practice in Civil Cases, Rule 4(a), we respectfully write in response to Defendant Kari Gran, Inc.'s ("Defendant") letter seeking a pre-motion conference for its anticipated motion to dismiss.  *See* Docket No. 7.  As detailed below, Plaintiff intends to file an amended complaint (the "Amended Complaint") in this matter and respectfully submits that a pre-motion conference would be premature at this time.

While Plaintiff believes the operative complaint would survive the motion described in Defendant's letter, the anticipated Amended Complaint will address any purported grounds for dismissal by further detailing and explaining the accessibility barriers that Plaintiff encountered while visiting Defendant's website to make a purchase.  The Amended Complaint will further confirm whether such barriers persist despite Defendant's claims of remediation.  If such barriers do persist, Defendant's claim of mootness will remain unsupported.  Additionally, Defendant's other grounds for dismissal have already been rejected by recent S.D.N.Y. precedent.

**Websites are Places of Public Accommodation Under the Americans with Disabilities Act**

Defendant unconvincingly argues—without citing to any S.D.N.Y. caselaw—that a website is not a place of public accommodation under the ADA.  However, courts in this District have explicitly rejected Defendant's proposition and, instead, have held "[a] commercial website itself qualifies as a place of public accommodation to which Title III of the ADA affords a right of equal access." *Del-Orden v. Bonobos, Inc.*, 17 Civ. 2744 (PAE), 2017 U.S. Dist. LEXIS 209251, at *19 (S.D.N.Y. Dec. 20, 2017).  This well-settled principle has been affirmed numerous times. *See, e.g.*, *Winegard v. Crain Comms., Inc.*, 20-cv-01509 (AJN), 2021 U.S. Dist. LEXIS 60964, at

MIZRAHI KROUB LLP

Hon. Katherine Polk Failla
December 23, 2021
Page 2

*6 (S.D.N.Y. Mar. 30, 2021) ("Defendant's website is a place of public accommodation."); *Jaquez v. Dermpoint, Inc.*, 20-CV-7589 (JPO), 2021 U.S. Dist. LEXIS 96067, at *7-*8 (S.D.N.Y. May 20, 2021) ("[M]ultiple district courts in this circuit-including this one-have held that websites qualify as places of public accommodation, even when they are not attached to a traditional brick-and-mortar store.") (citations omitted).

Indeed, Judge Komitee's ruling in the Eastern District, which concerned a website that provided videos rather than delivering consumer goods to customers, noted this divergence. "To be sure, several district courts in this Circuit have concluded that a website is a place of public accommodation in its own right, whether or not it is attached to a brick-and mortar business." *Wingard v. Newsday LLC*, 19-Cv-04420(EK)(RER), 2021 U.S. Dist. LEXIS 153995, at *18 (E.D.N.Y. Aug. 16, 2021).

**Plaintiff is Not Required to Request a Reasonable Accommodation**

Defendant's remaining assertion, that Plaintiff was required to request a reasonable accommodation of the website, misstates the law. Under the ADA, a plaintiff may base a disability discrimination claim on any (or all) of three theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation. *See Jones v. Thomas*, 20-CV5581 (LLS), 2020 U.S. Dist. LEXIS 156016, at *7 (S.D.N.Y. Aug. 27, 2020) (citations omitted).

Importantly, only this last theory requires that the plaintiff request accommodation under 42 § 12182(b)(2)(A)(ii). *Id*; *see also Castillo v. Hudson Theatre, LLC*, 412 F. Supp. 3d 447, 450 (S.D.N.Y. 2019). The Complaint properly pleads (and the anticipated amended complaint will plead) the first two theories as well as separate causes of action under sections 42 §12182(b)(1)(A)(i)-(ii) of the ADA. *See* Docket No. 1 at ¶¶ 40-41. Accordingly, Defendant's reasonable accommodation argument is unavailing.

For these reasons, and to conserve judicial resources, Plaintiff respectfully requests 14 days to file the Amended Complaint—with a reasonable time for Defendant to answer or otherwise respond—and submits that a pre-motion conference is not appropriate at this time.

Respectfully submitted,
/s/ Jarrett S. Charo
Jarrett S. Charo, Esq.

Cc:   All Counsel of Record (via ECF)

For the reasons stated in Plaintiff's above letter, the Court will permit Plaintiff to file an amended complaint before holding an initial pretrial conference or pre-motion conference.

Plaintiff may file an amended complaint in this matter on or before **January 7, 2022**. Defendant shall file a response to the amended complaint on or before **January 28, 2022**.

The initial pretrial conference is hereby ADJOURNED to **February 2, 2022, at 3:00 p.m.**

The Clerk of Court is directed to terminate the motion at docket entry 7.

Dated:  December 27, 2021          SO ORDERED.
        New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE